## ELI STRODE

### *v.*

## JOHN B. BROADWELL.

1. CAPIAS AD SATISFACIENDUM — *arrest on capias ad satisfaciendum at common law.* By the common law, the arrest of defendant on a *ca. sa.* operated as a satisfaction of the judgment.

2. INSOLVENT LAWS — *have modified the common law.* Under the provisions of the statutes of other States, requiring the plaintiff to pay the jailor's fees in advance, if a debtor is discharged from custody, for the non-payment of such fees, it has been held, that the judgment is not thereby satisfied. .

3. In such a case, the discharge is not by consent of the creditor, but it is by operation of law, and does not produce a satisfaction.

4. DISCHARGE — *under insolvent laws — consent.* If, after defendant has been arrested, he resorts to the insolvent laws, and is discharged by verdict, or by consent, when the jury failed to agree, it does not satisfy the debt.

5. CONSTITUTION — *imprisonment for debt.* Our constitution, art. 13, sec. 15, has abolished imprisonment for debt, except upon a refusal of the debtor to surrender his estate under the law, for the benefit of creditors, or where there is strong presumption of fraud. The arrest and imprisonment is rather a punishment for the wrong, than an imprisonment for the debt.

6. DEBTOR — *may release himself from custody.* The debtor may release himself, under our statute, by complying with its terms, and when he adopts proceedings, thus claiming a discharge, which results in his release, he will not be heard to say that his debt was thus satisfied.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. EDWARD Y. RICE, Judge, presiding.

Defendant in error recovered a judgment against plaintiff in error, in the Sangamon Circuit Court. He, during the term at which the judgment was recovered, caused an execution to issue, which was afterwards duly returned, no property found. Subsequently, defendant in error filed an affidavit, charging plaintiff in error with fraud, by failing and refusing to surrender property to the officer to satisfy the judgment. On this affidavit a *ca. sa.* was issued, and plaintiff in error was arrested. He thereupon demanded a trial in the County Court, and a jury was impanneled; a trial was had; but the jury being unable to agree,

he was discharged by consent of the parties, and defendant in execution released from imprisonment. Defendant in error afterwards caused a *fi. fa.* to be issued, on the judgment, and defendant in execution entered a motion in the Circuit Court, to quash the execution, and to have satisfaction of the judgment entered. On the hearing, the court overruled the motion, and the cause is brought to this court to reverse that judgment.

Mr. W. H. HERNDON, for Plaintiff in Error, cited the following authorities : *Prentiss* v. *Hinton,* 6 Blkfd. 35 ; *King* v. *Goodwin,* 16 Mass. 63 ; *Foster* v. *Fuller,* 6 Mass. 58 ; *The United States* v. *Stansbury,* 1 Peters, 573 ; 1 Wright's Ohio R. 447 ; 1 Carter's Ind. R. 577 ; 10 Cushing, 273 ; 2 Paine's Cir. Ct. R. 492 ; 2 Rhode Island R. 391 ; 3 Strobhart, 448 ; 2 Southard, 598 ; *McKindley* v. *Rising,* 28 Ill. 337 ; *The People ex rel.* v. *Colton,* 14 Ill. 414 ; Gale's Statutes, 345 ; Rev. Stat. 282, 570.

Mr. N. M. BROADWELL, for Defendant in Error, cited the following authorities : 3 Blk. Com. 415 ; 1 Purple's Stat. 619 ; Sec. 15, Art. 13, Constitution ; Rev. Stat. sec. 24, p. 286 ; sec. 2, page 570 ; *Turner* v. *Hague,* 7 T. R. 421 ; Broom's Legal Maxims, 118.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court :

This record presents the question whether the discharge of a defendant, arrested and in custody, under a *capias ad satisfaciendum,* by agreement of the parties, made when a jury were unable to agree whether there were grounds for his arrest under our constitution and laws, operates as a satisfaction of the judgment. At common law, there seems to be no question that such was its effect. In Great Britain, and in the various States of the Union where the common law obtains, it is held, it is believed, without an exception, that seizing the body in execution operates as a satisfaction of the debt, and the plaintiff can have no further process under his judgment. In most of the States of the Union, as well as in Great Britain,

however, the rigor of the common law has been softened by legislative enactments or constitutional provisions. It has been held in several States, whose statutes require the plaintiff to deposit the jail fees in advance in order to hold the defendant in custody, and he was discharged because of a failure to advance such fees, that the discharge did not operate as a satisfaction of the judgment, but plaintiff might still sue out a *fi. fa.*, or other process, until he obtained satisfaction in fact. *Prentiss* v. *Hinton*, 6 Blkfd, 35; *Hadden* v. *Saunders*, 2 R. I. 391; *Stover* v. *Dunn*, 3 Strob. 448. And in *Nadin* v. *Battie*, 5 East, 147, the same rule is adopted.

The reason of the rule seems to be in such cases, that there is not a consent by plaintiff, but the discharge is produced by operation of law. And for the same reason, if a trial under our insolvent laws were to result in a verdict in favor of the defendant, and he were under those enactments released from custody, the debt would not be discharged. Then why should there be a distinction between a case in which a defendant has resorted to the insolvent laws, denying the fraud, submitting his case to a jury, and they finding him not guilty; or even where they find him guilty of the fraud, and he surrenders his property; and a case in which a jury are not able to agree, and the plaintiff says that he is satisfied that he cannot establish the fraud which he had charged, and is willing that the defendant may be discharged from imprisonment? The defendant, after having resorted to the insolvent laws to obtain his discharge, accomplishes his purpose as effectually by the admission of the plaintiff in execution that he is unable to prove the fraud, as if the jury had found him not guilty and the court had ordered his discharge.

Our constitution, by art. 13, sec. 15, declares that " No person shall be imprisoned for debt, unless upon refusal to deliver up his estate for the benefit of his creditors, in such manner as shall be prescribed by law, or in cases where there is strong presumption of fraud." Under this provision, strictly speaking, imprisonment for debt is abolished in all except two cases; one for a refusal by the debtor to surrender his property for the

benefit of his creditors, and the other where there is a strong presumption of fraud. A plaintiff may sue out a *ca. sa.* under either charge, and the defendant when arrested may deny the charge, and demand a jury to try the question, and then the plaintiff, to hold the defendant in custody, must prove the charge or the defendant will be released. If, on the contrary, the plaintiff establishes the charge, he may then, by paying the jailer's fees in advance, hold defendant in custody until he makes a full and fair surrender of his property, and executes an assignment for the benefit of his creditors, or until he shall pay the debt. But where he obtains a discharge by surrendering his property, the statute declares that the debt shall not be satisfied, but the debtor shall be free from future arrest, under the same judgment.

In the case of *Burnap* v. *Marsh*, 13 Ill. 535, it was said: " It must be remembered, that under our constitution, no person can be legally imprisoned for debt alone; and it is only in cases where the debtor is fraudulently or wrongfully endeavoring to evade the payment of his debt, that he can be restrained of his liberty. The imprisonment, then, is not for the debt, strictly speaking, but for his wrongful act in endeavoring to evade its payment." Thus it is seen, that the imprisonment is for the wrong, or the fraud, rather than for the debt. Then, if under our law, strictly speaking, there is no imprisonment for debt, the rigid rules of the common law cannot be applied. If imprisonment for debt is abolished, and it can only be had for the fraud or wrongful refusal to surrender his property for the benefit of his creditors, it follows, that the effects and consequences of imprisonment for debt, at the common law, must also fail.

At the common law, the judgment creditor might seize the body of his debtor, under execution, and hold him until the debt was paid, and the debtor had no means of releasing his body except he paid the debt. Under our statute, on the contrary, the debtor may release himself whenever he may choose, by resorting to proceedings in conformity with its provisions. Having resorted to such proceedings, and thus claimed his

discharge, if by any means he obtains his liberty whilst litigating the question of the rightful or wrongful imprisonment, he cannot be heard to say that his debt was thus discharged. He obtained all he desired, and for which he originated proceedings under the insolvent laws, and when he comes to be again arrested on the same debt, it will be time to insist that he was discharged from liability to future arrest on the same judgment.

The judgment of the court below is therefore affirmed.

*Judgment affirmed.*